UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF,<br><br>Plaintiff,<br><br>v.<br><br>BUENOLOS, et al.,<br><br>Defendants. | Case No.  1:26-cv-01889-HBK<br><br>ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. 2) |

Plaintiff Denzell Magic Metcalf, a state prisoner currently confined at Salinas Valley State Prison initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 together with a motion to proceed *in forma pauperis* on March 9, 2026.  (Docs. 1, 2).  The undersigned recommends the district court deny Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes and the allegations in complaint do not satisfy the imminent danger exception.

BACKGROUND

Plaintiff seeks $4 million for pain and suffering, emotional distress, and punitive damages

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

for injuries he sustained after being attacked by an inmate at Tehachapi State Prison.  (Doc. 1).  According to the complaint, in December 2025, Plaintiff advised correctional staff at Kern Valley State Prison ("KVSP") after learning he was being transferred to Tehachapi that he had safety concerns at Tehachapi. (Doc. 1 at 6).  KVSP staff advised Plaintiff to alert correctional staff at Tehachapi of his concerns upon his arrival and transferred him.  Plaintiff advised correctional staff at Tehachapi of his "safety concerns" with certain inmates and staff told Plaintiff they "checked the system" and the inmates were not there. (*Id*. at 7).  After Plaintiff entered the yard on December 22, 2025, he was attacked and knocked unconscious by an unidentified inmate, causing him to have a seizure. (*Id.*).  Plaintiff alleges the various correctional officers at KVSP and Tehachapi who are named as defendants acted with "deliberate indifference and negligence" in failing to protect him.

MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

A.   Applicable Three Strikes Law

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment

2

plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews*, 493 F.2d at 1052.

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal); *Spencer v. Barajas*, 140 F.4th 1061, 1068 (9th Cir. 2025) (finding a voluntary dismissal under Rule 41(a)(1) was not a strike because the dismissal was not "'on the grounds that' the case was frivolous, malicious, or failed to state a claim"). It is immaterial whether the dismissal for failure to state a claim was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

A review of the PACER Database reveals that Plaintiff has over twelve civil actions or appeals in a court of the United States <u>before</u> he commenced the instant action.[2] The Court takes judicial notice[3] that Plaintiff has incurred at least three strikes prior to filing the instant action:

- *Denzell Magic Metcalf v. Long Beach Police Department*, Case No. 2:15-cv-07918-JAK-AFM (PC) (C.D. Cal July 19, 2016) (dismissed for failure to state a claim upon which relief may be granted);

- *Metcalf v. Viapath Technologies Touchpaz Holdings, LLC et al.*, No. 1:24-cv-00004-KES-

[2] https://pacer.uscourts.gov.
[3] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

HBK (PC) (E.D. Cal. July 8, 2024) (dismissed as frivolous and for failure to state a claim);

- *Metcalf v. Paramount Pictures Corporation et al*, No. 1:24-cv-00015-KES-SAB (PC) (E.D. Cal. July 8, 2024) (dismissed as frivolous).

As evidenced by the above, Plaintiff has three qualifying strikes for purposes of § 1915(g).

### B. The Imminent Danger Exception Does Not Apply

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews*, 493 F.3d at 1051-52 (addressing the imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

To avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier times are immaterial, as are any subsequent conditions. *Andrews*, 493

F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Liberally construing the complaint, the undersigned finds that it contains no plausible allegations sufficient to allege Plaintiff faced imminent danger of serious physical injury at the time he filed this action.  Plaintiff filed the instant action in March 2026 and the complaint complains of events that occurred in December of 2025.

As noted *supra*, the availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056; *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001) (joining other circuits and assessing  imminent danger as measured at the time complaint is filed and not at the time of the alleged incident); *Moore v. Davis*, No. 6:16-cv-1266, 2017 WL 2177764, at *3 (E.D. Tex. May 17, 2017) (confirming imminent danger is determined a time of filing of action not at time of alleged incident).

Thus, past episodes of harm do not satisfy the "imminent danger" exception.  *See Driver v. Pohovich*, No. 2:22-CV-1672 DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted,* No. 2:22-CV-1672-TLN-DB, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (finding complaint filed in September alleging two excessive use of force incidents in July failed to meet imminent danger exception); *King v. Livingston*, 212 Fed. Appx. 260, 262 (5th Cir. 2006) (allegations of past attacks by inmates and prison officials which allegedly occurred six weeks before complaint was filed were insufficient to establish imminent danger); *see also Gonzales v. Castro*, No. 1:09-cv-01545-AWI-MJS, 2010 WL 2471030, at *2 (E.D. Cal. June 9, 2010) (finding incident of excessive force by prison staff occurring three months before filing of complaint insufficient to show an ongoing threat), *report and recommendation adopted*, 2010 WL 3341862 (E.D. Cal. Aug. 25, 2010); *Garrett v. Pat. Horn, Warden of Kern Valley State Prison*, No. 1:25-cv-00128-HBK (PC), 2025 WL 868899, at *13 (E.D. Cal. Mar. 20, 2025) (finding incident occurring months prior to the filing of the complaint failed to show imminent physical danger), *report and recommendation adopted*, 2025 WL 1151075 (E.D. Cal. April 18, 2025), *appeal dismissed*, 2025 WL 3205862 (9th Cir. Oct. 23, 2025).

Further, Plaintiff is now confined at Salinas Valley State Prison, and there is no indication

he will be transferred back to Tehachapi where he had safety concerns. *See Roberts v. California*, No. 1:22-CV-00131-HBK, 2022 WL 1102531, at *3 (E.D. Cal. Apr. 13, 2022), *report and recommendation adopted*, No. 1:22-CV-00131-DAD-HBK, 2022 WL 1460371 (E.D. Cal. May 9, 2022) (finding no imminent danger when plaintiff is no longer at the facility where alleged harm occurred); *see also Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (the transfer of an inmate to another prison, or even to another part of the prison in response to the threat, serves to nullify an allegation of the imminent threat of harm); *Aurel v. Bittinger*, No. CV ELH-20-2377, 2020 WL 7351604, at *2 (D. Md. Dec. 14, 2020) ("transfer extinguishes any possibility that [plaintiff] is in imminent danger of serious physical injury at the hands of officers at [previous institution]").

Accordingly, it is hereby ORDERED:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further RECOMMENDED:

1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED pursuant to 28 U.S.C. § 1915(g); and

2.  Plaintiff be ORDERED to pay the $405.00 filing fee in full to proceed in this action, absent which the Court dismiss this action without prejudice.

## NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. ***Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.***

Dated:   March 25, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE